Slip Op. 09-137
UNITED STATES COURT OF INTERNATIONAL TRADE

---

|  |  |
|---|---|
| UNITED STATES STEEL CORPORATION, | : |
| Plaintiffs, | : |
| and | : |
| WHEATLAND TUBE COMPANY | : Before: Richard K. Eaton, Judge |
| Pl.-Int. | : Consol. Court No. 09-00086 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

---

OPINION

[Department of Commerce's remand results sustained.]

Dated: December 11, 2009

*Skadden, Arps, Slate, Meagher & Flom LLP* (*Robert E. Lighthizer*, *Jeffrey D. Gerrish*, and *Nathaniel B. Bolin*), for plaintiff United States Steel Corporation.

*Wiley Rein LLP* (*Alan H. Price* and *Robert DeFrancesco*), for plaintiff Maverick Tube Corporation.

*King & Spalding*, LLP (*Gilbert B. Kaplan*, *Daniel Schneiderman*, and *Christopher T. Cloutier*), for plaintiff-intervenor Wheatland Tube Company.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director, United States Department of Justice Commercial Litigation Branch, Civil Division (*John J. Todor*), for defendant United States.

Eaton, Judge: The complaint in this action challenged the final affirmative countervailing duty determination issued by the

Consol. Ct. No. 09-00086                                               Page 2

Department of Commerce ("Commerce" or the "Department") in Circular Welded Carbon Quality Steel Line Pipe from the People's Republic of China, 73 Fed. Reg. 70,961 (Dep't of Commerce Nov. 24, 2008); Circular Welded Carbon Quality Steel Line Pipe from the People's Republic of China, 74 Fed. Reg. 4,136 (Dep't of Commerce Jan. 23, 2009) (amended final determination) ("Final Determination"). The Final Determination applied adverse facts available with respect to the issue of government ownership of the producers which supplied hot-rolled steel to respondents Huludao Seven Star Steel Pipe Group Co., Ltd., Huludao Steel Pipe Industrial Co., Ltd., and Huludao Bohai Oil Pipe Industrial Co., Ltd. (the "Huludao Companies"). The Department found that the suppliers were government-owned, with the single exception being a supplier for the Huludao Companies. Accordingly, the Department determined that the supplier was not government owned and thus did not include the hot-rolled steel supplied to the Huludao Companies in the subsidy calculation.

   Plaintiffs' complaint included one claim:

> In determining the benefit to the Huludao Companies from the provision of hot-rolled steel for less than adequate remuneration and the resultant subsidy rate, the Department improperly concluded that a supplier of hot-rolled steel to the Huludao Companies was not government-owned.

Compl. ¶ 13. Consequently, plaintiffs claimed, the Final Determination was not supported by substantial evidence and otherwise not in accordance with law. Compl. ¶ 13.

Subsequently, the defendant sought and the court granted voluntary remand. *United States Steel Corp. v. United States*, Consol. Ct. No. 09-00086 (September 9, 2009) (order granting motion for remand). On October 20, 2009, the Department issued its Final Redetermination Pursuant to Remand (Dep't of Commerce Oct. 20, 2009), *United States Steel Corp. v. United States*, Consol. Court No. 09-00086 ("Remand Redetermination").

On remand, the Department determined that

> The Department made an erroneous finding of fact in the *Final Determination* and that record evidence does not support the conclusion that one of Huludao's [hot-rolled steel] suppliers was a private company and not a state-owned enterprise. A correction is therefore warranted. On remand, the Department now includes the previously excluded [hot-rolled steel] supplier to Huludao in our subsidy calculations.

Remand Determination at 4.

The Department noted that it invited parties to the proceeding to comment on the draft Redetermination Pursuant to Remand and that it received no comments. Remand Determination at 3. Plaintiffs and plaintiff-intervenor submitted comments on the Remand Determination on December 2, 2009. Pls.' Comments on the Final Redetermination Pursuant to Remand Issued by the Department of Commerce ("Pls.' Comm."). Plaintiffs and plaintiff-intervenor state that they are "satisfied with the Department's Remand Redetermination and believe it fully addresses the single issue raised by Plaintiffs in this action. Accordingly, Plaintiffs

Consol. Ct. No. 09-00086                                          Page 4

respectfully request that the Court affirm the Remand Redetermination in all respects." Pls.' Comm. 2.

Having examined the Remand Determination and plaintiffs' and plaintiff-intervenor's comments, the court finds that Commerce's Remand Determination should be sustained (1) because it is reasonable and in accordance with law and (2) because the parties are "satisfied" with the results. Judgment will be entered accordingly.

                                             /s/ Richard K. Eaton
                                             Richard K. Eaton

Dated:    December 11, 2009
          New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, | : |
| Plaintiffs, | : |
| and | : |
| WHEATLAND TUBE COMPANY | : Before: Richard K. Eaton, Judge |
| Pl.-Int. | : Consol. Court No. 09-00086 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

JUDGMENT

Upon consideration of the papers and proceedings had herein, and in conformity with the court's decision in this matter, it is hereby

ORDERED that the Final Redetermination Pursuant to Remand issued by the Department of Commerce in this case is sustained.

/s/ Richard K. Eaton
Richard K. Eaton

Dated:   December 11, 2009
         New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: December 11, 2009            By: /s/ Troy Benbow
                                       Deputy Clerk